**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

COREY SANDERS
ADC #113737                                                                                          PLAINTIFF

V.                                          5:08CV00049 JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                                   DEFENDANTS


**ORDER OF PARTIAL DISMISSAL**[1]

Plaintiff, who is currently incarcerated at the Maximum Security Unit ("MSU") of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants at the East Arkansas Regional Unit ("EARU") and the MSU:  (1) denied him adequate medical care for unspecified problems with his prostate and urinary tract; and (2) refused to provide him with a wheelchair, or other mobility device.  *See* docket entries #2 and #7.

Defendants have filed two Motions to Dismiss and a single Supporting Brief arguing that Plaintiff's second claim should be dismissed, without prejudice, due to his failure to fully exhaust his administrative remedies prior to commencing this action. *See* docket entries #33, #34, and #45. Plaintiff has filed two Responses and supporting documents. *See* docket entries #5, #42, #48, and #49.

For the reasons set forth below, the Court will grant Defendants' Motions for Partial

---

[1]  On May 19, 2008, the parties consented to proceed before a United States Magistrate Judge. *See* docket entry #43.

Dismissal and dismiss Plaintiff's second claim, without prejudice.[2]

## II.  Undisputed Facts

In October and November of 2007, Plaintiff, who was incarcerated at the EARU, filed several grievances alleging that he was receiving inadequate medical care for unspecified problems with his prostate and urinary tract.  *See* grievances EA07-948, EA 07-852, and EA07-873 (docket entries #2 and #5, attachments).  Importantly, it is undisputed that Plaintiff fully exhausted those grievances by obtaining a final ruling from the ADC Deputy/Assistant Director, *prior* to commencing this action.[3]  *Id.; see also* docket entry #45, Ex. 1.

On February 10, 11, and 12, 2008, Plaintiff, who had been transferred to the MSU, filed three grievances alleging, for the first time, that prison guards were refusing to provide him with a wheelchair or other mobility device to go to pill call, breakfast, or shower call.[4]  *See* grievances

---

[2] The Court is mindful that a motion to dismiss should be granted if, assuming the truth of the factual assertions made in the complaint, a plaintiff has failed to state a viable claim as a matter of law.  *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  Specifically, the plaintiff must assert facts that affirmatively suggest, beyond the speculative level, that he or she is entitled to relief, and mere factual conclusions or a formulaic recitation of the elements of the cause of action are insufficient.  *Twombly*, 127 S. Ct. at 1964-66 (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that, when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[3] To fully exhaust administrative remedies within the ADC, an inmate must: (1) file an informal resolution form; (2) file a grievance if the informal resolution attempt is unsuccessful; (3) appeal the denial of that grievance to the Warden; and (4) appeal the Warden's decision to the ADC Deputy/Assistant Director.  *See* ADC Adm. Dir. 07-03 § IV(E) through (G) (August 6, 2007).

[4] In February of 2008, Plaintiff also filed grievance MX08-222 and MX08-257.  *See* docket entries #45 and #48, attachments.  However, in those grievances Plaintiff alleged that nurses were failing to provide him with his medications.  *Id.*  Plaintiff did *not* make any allegations regarding a failure to provide him with a wheelchair or other mobility device.*Id.*  Additionally, Plaintiff did not

MX08-255, MX08-256, MX08-219 (docket entries #45 and #48, attachment).  On February 22,

2008, Plaintiff commenced this action while those three grievances and/or the appeals were pending.

*Id.*  In May of 2008, approximately three months *after* Plaintiff commenced this action, all three

appeals were denied.  *Id.*

### III.  Discussion

The Prison Litigation Reform Act provides, in pertinent part, that:  "No action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The purposes of the exhaustion

requirement include "allowing a prison to address complaints about the program it administers

before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved,

and improving litigation that does occur by leading to the preparation of a useful record." *Jones v.*

*Bock,* 127 S.Ct. 910, 923 (2007);[5] *see also Woodford v. Ngo*, 126 S.Ct. 2378, 2385-87 (2006).

Importantly, the Eighth Circuit has clarified that the PLRA requires inmates to:  (1) fully and

properly exhaust their administrative remedies as to *each claim* mentioned in the complaint; and (2)

complete the exhaustion process *prior* to filing an action in federal court.  *See Johnson v. Jones*, 340

F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

As previously mentioned, it is undisputed that Plaintiff exhausted his administrative remedies

in connection with his first claim (inadequate care for bladder and urinary tract problems), *but not*

complete the final appeal of those grievances until *after* he commenced this action. *Id.*

[5] In *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007), the Supreme Court emphasized that: "There
is no question that exhaustion is *mandatory* under the PLRA and that unexhausted claims cannot be
brought in court." (Emphasis added.)

his second claim (failure to a provide wheelchair or mobility device). *See* docket entries #33, #35, #42, #45, and #49.   However, Plaintiff argues that his failure to do so should be excused because prison officials failed to respond to his grievances and appeals in a timely fashion.[6]   *See* docket entries #42 and #49.

In particular, Plaintiff contends that officials – *at the EARU* – did not timely respond to grievances EA07-948, EA07-852, and EA07-873 (regarding inadequate medical care for prostate and urinary tract problems) during various stages of the grievance process.[7]   *See* docket entries #42 and #49.   Thus, Plaintiff assumed that prison officials – *at the MSU* – would not timely respond to grievances MX08-255, MX08-256, and MX08-219 (regarding the lack of a wheelchair or other mobility device), which he filed on February 10, 11, and 12, 2008.   *Id.*   Based upon this subjective belief, Plaintiff decided to file this Complaint in federal court on February 22, 2008, which is while those three grievances and appeals were pending and, thereafter, supplement the record when he received the final administrative decisions.   *See* docket entries #2, #42, and #49.

---

[6]The PLRA only requires inmates to exhaust the administrative remedies that are "available" to them. *See* 42 U.S.C. § 1997e(a). Construing this language narrowly, the Eighth Circuit has *only* excused a lack of exhaustion when prison officials have prevented the inmate from completing the exhaustion process by either failing to respond to a grievance or failing to provide the inmate with grievance forms. *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005); *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier,* 262 F.3d 687, 697-98 (8th Cir. 2001). Further, the Eighth Circuit has clarified that an inmate's subjected belief as to whether the exhaustion procedures were available to him is irrelevant. *Gibson,* 431 F.3d at 341; *Lyon v. Vande Krol,* 305 F.3d 806, 809 (8th Cir. 2002).

[7]ADC Policy requires that prison officials respond to: (1) the informal resolution within 3 working days; (2) the grievance within 20 working days; and (3) the appeal within 30 working days, unless an extension is entered.   *See* ADC Adm. Dir. 07-03 § IV(E)(7), (F)(7), and (G)(7) (August 6, 2007).   Additionally, the ADC policy states that the entire grievance process "should be completed within seventy-six (76) working days, unless a valid extension has been executed, or it can be documented that unforeseen circumstances have occurred." *Id.* at § IV(G)(8).

Plaintiff's explanation fails for several reasons.  First, as previously explained, it is clear that a prisoner must *completely* exhaust his administrative remedies *prior* to filing a complaint in federal court.  *See Johnson*, 340 F.3d at 627; *Graves,* 218 F.3d at 885.  Additionally, a prisoner's subjective beliefs about whether his exhaustion efforts will be futile is irrelevant.  *Gibson,* 431 F.3d at 341; *Lyon*, 305 F.3d at 809.  Further, the fact that prison officials at the EARU may have been untimely in responding to Plaintiff's grievances and appeals related to another matter did not mean that Plaintiff would encounter the same problems as the MSU.

Finally, and most importantly, the ADC policy specifically provides that a prisoner may skip to the next step in the grievance process if responses are not timely received from prison officials.  *See* ADC Adm. Dir. 07-03 § IV(E)(11) and (F)(8).  Thus, Plaintiff could have: (1) proceeded to the next step in the grievance process if MSU officials did, in fact, fail to timely respond to his grievance or appeals of MX08-255, MX08-256, and MX08-219; and (2) filed the Complaint in this action *after* the seventy-six working days to complete the exhaustion process had expired.  Accordingly, the Court finds no merit to Plaintiff's argument that prison officials impeded his ability to properly and fully exhaust his administrative remedies in regard to his claim that they failed to provide him with a wheelchair or other mobility device.

Finally, Plaintiff alleges that he should not have been required to fully exhaust his administrative remedies because his grievances raised an urgent medical situation.  *See* docket entries #42 and #49. The Court questions whether the denial of a wheelchair, or other mobility device, constitutes an urgent medical situation.  Additionally, the Eighth Circuit has not recognized

an exception to the exhaustion rule for allegedly urgent medical needs.[8] *See Gibson,* 431 F.3d at 431 (requiring inmates who complained of inadequate medical care for diabetes to fully exhaust their administrative remedies and clarifying the Eighth Circuit has only excused inmates from exhaustion when prison officials have thwarted their efforts to do so); *Chelette v. Harris,* 229 F.3d 684, 687 (8th Cir. 2000) (requiring complete exhaustion where a prisoner alleged he was receiving inadequate medical care for an injured wrist).

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Defendants' Motions to Dismiss (docket entries #33 and #45), which have been construed as Motions for Partial Dismissal, are GRANTED.

2.      Plaintiff's claim that Defendants improperly denied him a wheelchair or other mobility device is DISMISSED, WITHOUT PREJUDICE, because he failed to fully exhaust his administrative remedies.

3.      Plaintiff may PROCEED with his claim that Defendants failed to provide him with adequate medical care for prostate and urinary tract problems.[9]

4.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Partial Dismissal would not be taken in good faith.

---

[8]Recognizing an exception for "urgent medical needs" would defeat the purpose of the exhaustion requirement, which is to give prison officials the first opportunity to promptly remedy a situation within the prison system.  *See Jones v. Bock,* 127 S.Ct. 910, 923 (2007).

[9] *See Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007) (clarifying that a court should only dismiss the unexhausted claims and allow a prisoner to proceed with the properly exhausted claims).

5.      Pursuant to Fed. R. Civ. P. 12(a)(4), Defendants Green, Taylor, Mullins, Moore, and Anderson shall file an Answer within ten days of the entry of this Order of Partial Dismissal.[10]

Dated this 23rd day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[10] Defendants White, Norris, Kelly, Byus, and Manus have already filed their Answer. *See* docket entry #28.